IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTIN BURTON LANE,
FDOC Inmate No. W16844,
    Plaintiff,

vs.                                                Case No.: 3:19cv2368/LAC/EMT

LT. J.D. JOHNSON, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved for leave to proceed in forma pauperis in this action (ECF No. 2). Plaintiff, who is currently being held at the Walton County Jail, names as Defendants officers at Santa Rosa Correctional Institution where he was previously incarcerated. His complaint contains numerous claims, including those of retaliation, denial of access to courts, deliberate indifference to his medical needs, and excessive force (ECF No. 1 at 11–13).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 5–7). In response to Question A of Section IV, which asks whether Plaintiff had filed previous cases in state court that deal with the same or similar facts as those in the instant

action, Plaintiff answered "No" (*id*. at 5). Correspondingly, Question B of Section IV asks the following question: "Have you initiated other actions in **federal** court dealing with the same or similar facts/issues involved in this action?" In response, Plaintiff identified one case, Case No. 5:11cv673, which he had filed in the United States District Court for the Middle District of Florida (*id*. at 5–6).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 6). Plaintiff answered "No" to this question. Finally, Question D of Section IV asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id*.). Plaintiff answered "No" to this question also (*id*. at 6).

Thus, Plaintiff has in effect stated that, other than the one case identified above, he has filed no other previous federal cases that concerned the same or similar facts as those in the instant action, that dealt with the fact or manner of his imprisonment, or that were dismissed prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 11).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

<u>Spires v. Taylor</u>, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

This court takes judicial notice, that as of the date Plaintiff filed the complaint in this case, he had previously filed Case No. 5:11cv338/MMP/CJK, also a civil rights

action under section 1983, that was filed in this district court on October 17, 2011. This previous case concerned allegations that Plaintiff was subjected to excessive force and inadequate medical treatment while incarcerated at the Northwest Florida Reception Center (*see* ECF No. 1 in that case). The case was dismissed, prior to service, on March 8, 2012, due to Plaintiff's failure to comply with an order of the court (*see* ECF Nos. 7–9 in that case).[1]

The instant case includes allegations that Plaintiff was subjected to excessive force by corrections officers and that he received inadequate medical treatment in violation of the Eighth Amendment. Thus, Case No. 5:11cv338/MP/CJK, since it involved allegations of excessive force and inadequate medical treatment as well, would have been responsive to Question B of Section IV because it involves similar facts or issues. Alternatively, this previous case would have been an appropriate response to Question C since it involved the conditions of Plaintiff's confinement at the time. Finally, because this previous case was dismissed prior to service, it would also have been responsive to Question D, which inquires about such cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the

---

[1] The inmate numbers (#W16844) of the plaintiffs in all the identified cases are the same, and they match Plaintiff's number as stated in the current complaint.

Case No: 3:19cv2368/LAC/EMT

statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[2] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3] *See, e.g.,* <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009)

---

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 5) (emphasis and capitalization in original).

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 3:19cv2368/LAC/EMT

Page 6 of 7

(dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 12th day of August 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**